975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Darrell Edward CARTER, Appellant.
 No. 92-2104WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: September 1, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Government charged Darrell Edward Carter with possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1) (1988), and carrying a firearm during a drug trafficking crime, see 18 U.S.C. § 924(c)(1) (1988). At Carter's jury trial, a police officer, who had been watching Carter through binoculars, testified he saw Carter put what looked like a baggie and a gun under a bush. Another officer, who also saw Carter put two objects under the bush, testified he retrieved a plastic baggie containing 53 small packets of a rock-like substance and a .22 caliber derringer from under the bush. A chemist testified the packets contained cocaine base and cocaine residue was present on money seized from Carter's car after his arrest. In addition, Leon Fugate, a fellow inmate of Carter, testified he had dealt cocaine with Carter and while in jail, Carter admitted he threw the "dope" in the bush. The jury found Carter guilty on both counts.
 
 
 2
 Before Carter's sentencing, Fugate recanted his trial testimony in two handwritten affidavits. Carter filed a motion for a new trial under Federal Rule of Criminal Procedure 33, contending the recanted testimony was newly discovered evidence. The district court denied the motion. At the sentencing hearing, Fugate testified he prepared the affidavits at Carter's request and the affidavits were false.
 
 
 3
 On appeal, Carter contends the district court should have granted his motion for a new trial. Unless the district court clearly abused its discretion, we do not reverse the denial of a new trial motion based on newly discovered evidence. United States v. Provost, No. 91-3423, 1992 WL 175589, at * 4 (8th Cir. July 2, 1992). Having reviewed the record, we agree with the district court that the recanted testimony was not credible and would not produce an acquittal on retrial. See id. Thus, the district court did not abuse its discretion in denying Carter's motion. Carter also contends the evidence was insufficient to support his convictions. We disagree. Even without Fugate's testimony, the evidence overwhelmingly supports the jury's verdicts.
 
 
 4
 Accordingly, we affirm.